UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUTHOBAHN MOTORS, INC, <br>     Plaintiff, <br> v. <br> MASKAY CORPORATION, et al., <br>     Defendants. | Case No. 15-cv-04803-JST <br><br> **ORDER GRANTING MOTION TO REMAND** <br><br> Re: ECF No. 19 |

Now before the Court is Plaintiff's Motion to Remand. ECF No. 19.

## I. BACKGROUND

On September 15, 2015, Plaintiff Autobahn Motors, Inc. filed a complaint against Defendants Maskay Corporation and Michael Keynejad in San Mateo Superior Court, raising state law claims for defamation and unfair competition. ECF No. 2 at 12. Plaintiff served Defendants with a summons on September 21, 2015. Id. at 2. On October 19, 2015, Defendants filed a Notice of Removal to this Court, stating that removal was proper because this Court has federal question jurisdiction over Plaintiff's claims. Id. at 3. Plaintiff then filed a Motion to Remand, ECF No. 19, which motion the Court now considers.

## II. MOTION TO REMAND

### A. LEGAL STANDARD

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such an action is pending." 28 U.S.C. § 1441(a). "It is presumed," however, "that a cause lies outside [the] limited jurisdiction [of the federal courts] and the burden of establishing the contrary rests upon the party asserting jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (internal

1  citation omitted); see also Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (stating that the
2  Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction"). "Federal
3  jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."
4  Gaus, 980 F.2d at 566. Where a case is removed from state court, the removing defendant bears
5  the burden of establishing federal jurisdiction, Abrego Abrego v. The Dow Chem. Co., 443 F.3d
6  676, 682 (9th Cir. 2006), and district courts must "resolve[] all ambiguity in favor of remand to
7  state court." Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009). If the district
8  court determines that it lacks jurisdiction, the action should be remanded back to the state court.
9  Martin v. Franklin Capital Corp., 546 U.S. 132, 134 (2005).

Federal courts may only hear actions over which they possess subject matter jurisdiction. Generally, the existence of subject matter jurisdiction may be premised on either diversity of the parties or a federal question. See Wayne v. DHL Worldwide Express, 294 F.3d 1179, 1183 & n.2 (9th Cir. 2002). Federal district courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

"For statutory purposes, a case can 'aris[e] under' federal law in two ways. Most directly, a case arises under federal law when federal law creates the cause of action asserted." Gunn v. Minton, 133 S. Ct. 1059, 1064 (2013). "But even where a claim finds its origins in state rather than federal law[,] [the Supreme Court has] identified a special and small category of cases in which arising under jurisdiction still lies." Id. (internal quotation marks omitted). In such cases, "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." Id. at 1065. "Where all four of these requirements are met . . . jurisdiction is proper." Id.

B.  ANALYSIS

1.  Whether Federal Question Jurisdiction Exists

Defendants' sole argument is that the Court has federal question jurisdiction over this case because Plaintiff's state law defamation claim includes an allegation that Defendants defamed

2

Plaintiff by, among other things, [1] accusing Plaintiff of "racketeering." ECF No. 24 at 2. In relevant part, Plaintiff's Complaint alleges that:

> 12. Autobahn is informed and believes that since approximately August 2015, Defendants have made numerous false and defamatory statements about Autobahn, including but not limited to:
>
> . . .
>
> (j) On or about August 22, 2015, Defendant Keynejad posted on LinkedIn.com an article entitled, "Mercedes Dealership racketeering evidence." In this article, Defendant Keynejad states that Autobahn Motors was producing "illegal fake invoices" and "got caught for fraud by MBUSA" [e.g., Mercedes-Benz USA]. This statement is false.

ECF No. 2 at 14–15. According to Defendants, the Complaint "alleges the falsity of the use of the word 'racketeering,' and ha[s] thus generated the federal question of whether or not their conduct constitutes racketeering," as defined by the federal RICO Act, 18 U.S.C. § 1961 *et seq.* ECF No. 24 at 8–9. The Court does not find this argument persuasive.

First, the federal issue urged by Defendants is not "necessarily raised" by Plaintiff's Complaint, nor is it "actually disputed" by Plaintiffs. Gunn, 133 S. Ct. at 1065. While the title of an article in which one of the allegedly defamatory statements can be found includes the word "racketeering," nothing in the Complaint suggests that the veracity or falsity[2] of this statement should be assessed with respect to the federal RICO Act. Defendants offer no argument why interpretation of the term "racketeering" in this context necessarily invokes the federal RICO Act. Indeed, Plaintiffs suggest, and Defendants do not dispute, that the state court could determine what constitutes "racketeering" for purposes of Plaintiff's defamation claim by looking to other sources, including the California Control of Profits of Organized Crime Act, Cal. Penal Code § 186, "without substantially referring to or relying on the federal RICO Act." ECF No. 19 at 5.

"[A]uthorizing the exercise of federal jurisdiction here," would do more than "open the doors of the federal courts . . . whenever a defamation defendant accuses a plaintiff of violating

---

[1] The Complaint lists 15 allegedly defamatory statements made by Defendants, only one of which includes the term "racketeering." ECF No. 2 at 14–15.
[2] Under California law, "[t]he elements of a defamation claim are (1) a publication that is (2) false, (3) defamatory, (4) unprivileged, and (5) has a natural tendency to injure or causes special damage." Sanders v. Walsh, 219 Cal. App. 4th 855, 862 (2013).

3

federal law." Adventure Outdoors, Inc. v. Bloomberg, 552 F.3d 1290, 1303 (11th Cir. 2008). It would open the doors to the federal courts whenever a defamation defendant accuses a plaintiff of conduct that *might* be construed as violating a federal law. None of the authorities cited by Defendants come close to espousing such an expansive view of federal question jurisdiction. Accordingly, the Court concludes that Defendant has neither shown that the purported federal issue is "necessarily raised," nor "actually disputed."

Second, the Court finds that "the federal issue in this case is not substantial in the relevant sense." Gunn, 133 S. Ct. at 1066. While the purportedly necessary federal issue is certainly important to the parties in this case, "something more, demonstrating that the question is significant to the federal system as a whole, is needed." Id. at 1068. Defendants offer no argument why resolution of the purported federal issue here by a federal court is "significant to the federal system as a whole." Id. Defendants do not argue that the purported federal issue here involves the presence of a "nearly pure issue of law" that would have a particularly wide-ranging effect on RICO claims nationally, as opposed to a "fact-bound and situation specific" issue. Adventure Outdoors, 552 F.3d at 1299. Rather, Defendants state that the relevant federal question is "whether or not *their* conduct constitutes racketeering," as defined by the federal RICO Act. ECF No. 24 at 8–9 (emphasis added). Because Defendants have failed to articulate any federal issue which is "significant to the federal system as a whole," Gunn, 133 S. Ct. at 1066, the Court finds that federal question jurisdiction is lacking for this additional, independent reason.

Third, even assuming that interpretation of the federal RICO Act were necessary here, given that "state courts have concurrent jurisdiction to consider civil claims arising under RICO," Tafflin v. Levitt, 493 U.S. 455, 467 (1990), permitting removal here would "disrupt[] the federal-state balance approved by Congress." Gunn, 133 S. Ct. at 1065; Tafflin, 493 U.S. at 467 ("Nothing in the language, structure, legislative history, or underlying policies of RICO suggests that Congress intended" state courts not to have concurrent jurisdiction to consider civil claims arising under RICO.). Defendants offer no argument suggesting that Congress intended federal courts to hear cases involving only state law claims simply because resolution of one of the state law claims may require interpretation of a federal law, under which federal law state courts

already have concurrent jurisdiction to consider claims.

Accordingly, the Court holds that it lacks federal question, and thus subject matter, jurisdiction over this case. The Court therefore remands this case to San Mateo Superior Court for further proceedings. Martin, 546 U.S. at 134.

### 2. Plaintiffs' Request For Attorneys' Fees

Plaintiffs have also moved for an award of attorneys' fees and costs. "[A]n order remanding [a] case may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). A finding of bad faith on the part of the removing party is not required. Moore v. Permanente Med. Grp., Inc., 981 F.2d 443, 447 (9th Cir. 1992). "The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." Id.

In this case, Defendants' theory of removal was so flawed as to be objectively unreasonable. Plaintiffs' request for an award of attorneys' fees and costs is granted. Plaintiffs shall submit either a stipulated request for entry of an order for a specific amount of fees and costs, or an itemized application for fees and costs, by January 12, 2016. If Plaintiffs submit a contested

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

application, Defendants may file written objections by January 19, 2016.  Plaintiffs may reply by January 26, 2015.[3]  At that time, the Court will take the matter under submission.

     IT IS SO ORDERED.

Dated:  December 22, 2015

                                          JON S. TIGAR
                              United States District Judge

---

[3] A district court retains jurisdiction to award costs and fees pursuant to section 1447(c) after remand.  Moore, 981 F.2d at 445.